Dupont v. NHSP Warden                    CV-03-287-M    07/15/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Timothy Dupont,
     Petitioner

     v.                                        Civil No. 03-287-M
                                               Opinion No. 2003 DNH 119
Jane Coplan, Warden,
New Hampshire State Prison,
     Respondent


                         **O R D E R**


     Petitioner, Timothy Dupont, was tried and convicted by a

state superior court jury of sixty-nine counts of felonious

sexual assault upon his stepdaughter.  The New Hampshire Supreme

Court affirmed all convictions on appeal.  State v. Dupont, __

N.H. __, 816 A.2d 954 (2003).  Petitioner, through counsel, then

filed a federal petition for habeas corpus.  See 28 U.S.C. §

2254.  That petition is, however, facially deficient insofar as

it fails to allege that petitioner's appeal to the state supreme

court raised the federal constitutional issues he seeks to

advance in this forum (i.e., that he "exhausted" his federal

claims in state court).  See 28 U.S.C. § 2254(b) and (c).  See

also Barresi v. Maloney, 296 F.3d 48 (1st Cir. 2002).  As the

Barresi court noted:

> Barring certain exceptional circumstances . . . a habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum <u>unless and until the substance of those claims has been fairly presented to the state's highest court</u>. This exhaustion requirement, codified at 28 U.S.C. § 2254(b) and (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of their prisoners' federal rights. <u>The petitioner bears the heavy burden of demonstrating satisfaction of the exhaustion requirement</u>. To carry that burden, the petitioner must show that he tendered his federal claim to the state's highest court in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

<u>Id.</u> at 51 (emphasis supplied) (citations and internal punctuation omitted). Simply stated, Dupont's petition fails to meet that burden.

## Conclusion

Petitioner is afforded thirty (30) calendar days from the date of this order within which to file an amended petition for habeas corpus relief. In it, he shall state whether or not he has exhausted his state remedies with regard to the federal claims he seeks to advance in this court (by, for example, attaching copies of his state notice of appeal and appellate

2

brief and by pointing to specific invocations of federal constitutional rights in those documents).[1]

Counsel might also consider recasting the petition in terms of the applicable standard of review. See 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In other words, assuming petitioner raised his federal constitutional claims before the state supreme court "face-up and squarely," Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988), his habeas petition should articulate whether (and why) he believes that court's resolution of those issues was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As counsel is no doubt aware, it is not enough to simply assert that the state court resolved the issues before it "incorrectly." See Taylor, 529 U.S. at 410-11 ("[T]he most important point is that an unreasonable application of federal law is different from an

---

[1] A brief review of the New Hampshire Supreme Court's opinion in petitioner's case does not reveal any basis to think petitioner squarely presented any federal issues in that appeal; the court resolved the issues raised by petitioner on state constitutional and common law grounds.

3

incorrect application of federal law. . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable.") (emphasis in original).

If petitioner fails to file a timely amended petition that adequately demonstrates exhaustion, his current petition will be dismissed without prejudice.

**SO ORDERED.**

                      _____
                      Steven J. McAuliffe
                      United States District Judge

July 15, 2003

cc:  Paul J. Haley, Esq.