Dupont v. Warden, NHSP                    CV-03-287-M    08/27/03
                         UNITED STATES DISTRICT COURT

                           DISTRICT OF NEW HAMPSHIRE


Timothy Dupont,
        Petitioner

        v.                                    Civil No. 03-287-M
                                              Opinion No. 2003 DNH 146
Jane Coplan, Warden,
New Hampshire State Prison,
        Respondent


                            **O R D E R**


        Petitioner, Timothy Dupont, was tried and convicted in state

superior court of sixty-nine counts of felonious sexual assault

upon his stepdaughter.  The New Hampshire Supreme Court affirmed

all convictions on appeal.  State v. Dupont, 149 N.H. 70 (2003).

Petitioner, through counsel, then filed a federal petition for

habeas corpus.  See 28 U.S.C. § 2254.


        By order dated July 15, 2003, however, the court observed

that Dupont's petition was:


        facially deficient insofar as it fails to allege that
        petitioner's appeal to the state supreme court raised
        the federal constitutional issues he seeks to advance
        in this forum (i.e., that he "exhausted" his federal
        claims in state court).

<u>Dupont v. Coplan</u>, 2003 DNH 119 at 1 (D.N.H. July 15, 2003) (document no. 2). Accordingly, the court pointed counsel to the pertinent statutory provisions and judicial opinions discussing the exhaustion requirement, as well as the applicable standard of review governing section 2254 petitions. It then afforded counsel 30 days within which to file an amended petition for habeas corpus relief, specifically instructing counsel to demonstrate (if possible) that Dupont had exhausted his state remedies with regard to the federal claims he seeks to advance in this court (by, for example, attaching a copy of his state appellate brief and by pointing to specific invocations of federal constitutional rights in that document).

In response, counsel submitted an "Amended Petition for Writ of Habeas Corpus." In it, counsel simply asserted, without providing any supporting documentation, that petitioner had exhausted "the issues raised in this petition." Amended petition (document no. 3) at para. 4. The amended petition also suffered from other shortcomings. Again, the court informed counsel that the petition was facially deficient and, again, the court afforded counsel 30 days within which to file an amended

2

petition. Additionally, the court specifically instructed counsel to "recast the [amended] petition in terms of the applicable standard of review in state habeas cases." Dupont v. Coplan, slip op. at 2-3 (D.N.H. August 15, 2003) (document no. 4).

That second amended petition (document no. 5) is now before the court. In it, petitioner seems to assert that the state court misapplied the Supreme Court's "harmless error" analysis, as articulated in Rose v. Clark, 478 U.S. 570 (1986), when it concluded that he was not unduly prejudiced by the trial court's admission into evidence of his taped confession to police. See Second Amended Petition at 3. Additionally, while his second amended petition makes no mention of it, petitioner originally claimed that his underlying state indictments were not sufficiently detailed in describing the crimes with which he was charged and, therefore, violated his constitutionally protected right against double jeopardy. Accordingly, the court will assume that Dupont still wishes to advance that issue as a basis for habeas relief.

## Discussion

Since passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), the power to grant federal habeas relief to a state prisoner with respect to claims adjudicated on the merits in state court has been substantially limited. A federal court may not disturb a state conviction unless the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Alternatively, habeas relief may be granted if the state court's resolution of the issues before it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 399 (2000).

Here, petitioner attacks the underlying state court decision pursuant to section 2254(d)(1). See Second Amended Petition (document no. 5) at 4 ("The defendant argues that he has exhausted his State remedies and that the New Hampshire Supreme

4

Court's decision in this case was contrary to clearly established federal law as determined by the Supreme Court of the United States.").  So, to prevail on his petition, Dupont must demonstrate that the state supreme court's rejection of his evidentiary claim and/or its rejection of his double jeopardy claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

The United States Supreme Court recently explained the distinction between decisions that are "contrary to" clearly established federal law, and those that involve an "unreasonable application" of that law.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13.  The Court also noted that an "incorrect" application of federal law is not necessarily an "unreasonable" one.

> [T]he most important point is that an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law . . . . Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

<u>Id.</u> at 410-11 (emphasis in original).  With those principles in mind, the court turns to Dupont's petition.

I.   <u>Admission into Evidence of Dupont's Taped Confession</u>.

The fundamental problem with Dupont's petition is that the error of which he complains - the allegedly improper introduction into evidence of his taped confession - was not presented to the state supreme court as a violation of his <u>federally</u> protected constitutional rights.  <u>See generally</u> <u>Barresi v. Maloney</u>, 296 F.3d 48, 51-52 (1st Cir. 2002).  Instead, Dupont's argument on direct appeal was that the trial court misapplied a prophylactic rule established in <u>State v. Barnett</u>, 147 N.H. 334 (2001) under

its supervisory authority.  In <u>Barnett</u> the state supreme court

held:

> In order to admit into evidence the taped recording of
> an interrogation, which occurs after <u>Miranda</u> rights are
> given, the recording must be complete.  The police need
> not tape the administration of a defendant's <u>Miranda</u>
> rights or the defendant's subsequent waiver of those
> rights.  However, immediately following the valid
> waiver of a defendant's <u>Miranda</u> rights, a tape recorded
> interrogation will not be admitted into evidence unless
> the statement is recorded in its entirety.

<u>Id.</u> at 338.

In Dupont's direct appeal of his criminal convictions, the

state supreme court agreed that the trial court erred in

admitting Dupont's incomplete taped confession.  Nevertheless,

applying the "harmless error" analysis of <u>Rose</u>, the court

concluded that the error was inconsequential.

> We conclude, based upon a review of the record, that
> the harm to the defendant that <u>Barnett</u> seeks to prevent
> is not present in this case, that the alternative
> evidence of [Dupont's] guilt is of an overwhelming
> nature, and that the inadmissible evidence was
> inconsequential in relation to the strength of the
> evidence of guilt.

* * *

> Under these circumstances, we conclude that it is clear
> beyond a reasonable doubt that the defendant would have
> been convicted even if the recording had been excluded.
> Therefore, introduction of the partially recorded
> interrogation was harmless.

State v. Dupont, 149 N.H. at 75-76.


For purposes of addressing Dupont's federal habeas petition, the critical point is this: the state evidentiary rule articulated in Barnett is not based on the federal constitution (nor even on the state's constitution), but instead upon the state supreme court's inherent authority to supervise lower state courts to ensure the fair administration of justice. Barnett, 147 N.H. at 337. So, while Dupont has attempted to cast his habeas petition in terms of federally protected rights - by asserting that the state supreme court misapplied the Supreme Court's harmless error analysis in Rose - he is, in reality, seeking to vindicate a state procedural right that has no federal constitutional underpinning.

Of course, even if the state court had misapplied the harmless error test (which it did not), federal habeas corpus relief would still not be available under these circumstances.

8

Habeas relief is available only to state prisoners who demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is no requirement in federal law that a taped confession be "complete" before it can be admitted into evidence, and certainly the federal constitution imposes no such requirement. That protective rule is entirely a creature of state law.

As to that aspect of his petition for habeas relief, then, Dupont is plainly entitled to no relief.[1]

---

[1] As noted above, discerning the precise nature of petitioner's claims is complicated by the fact that neither his original petition nor either of his "amended" petitions stands alone as a comprehensive statement of his asserted grounds for habeas relief. Consequently, the court is forced to attempt to distill Dupont's claims by referencing three separate filings. And, although not pressed in either of the amended petitions, the original petition hints at a claim that Dupont's due process rights were violated by the admission into evidence of his taped confession. To the extent petitioner is actually advancing such a claim as a basis for habeas relief, it is plainly unexhausted. Ordinarily, then, the court would afford petitioner the option of either withdrawing that claim or staying these proceedings while he exhausts it before the state court. See, e.g., Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (observing that, at least as to meritorious claims, a district court may retain jurisdiction and stay further proceedings pending complete exhaustion of state remedies). In this case, however, such a gesture would serve no useful purpose, since petitioner's claim is wholly without merit. Accordingly, to the

II.  The Allegedly Defective Indictments.

While both of his "amended" petitions are silent on the issue, Dupont's original petition asserts that the criminal indictments filed against him in state court were "insufficient where the only distinguishing fact among three sets of twenty-three indictments is the month of the alleged offense."  Original petition for habeas corpus, at 5.  As a consequence, petitioner says he was "denied his Sixth Amendment [r]ight against double jeopardy."  Id.  Because that claim appears in the original petition, the court will assume that Dupont still wishes to advance that issue as a basis for habeas relief.

Dupont's double jeopardy claim was presented to the state supreme court on direct appeal and is, therefore, fully exhausted.  Unfortunately, however, the second amended petition is not cast in terms of the applicable standard of review.  So, rather than identify how the state supreme court allegedly resolved Dupont's claim in a manner that was either contrary to,

extent petitioner is actually advancing a due process claim
related to the admission of his incomplete taped confession, that
claim is denied.  See 28 U.S.C. § 2254(b)(2) (providing that a
reviewing court may deny a claim on the merits, "notwithstanding
the failure of the applicant to exhaust the remedies available in
the courts of the State.").

10

or involved an unreasonable application of, federal law, the petition simply declares that his constitutional rights were violated.

Nevertheless, it is plain that petitioner is not entitled to habeas relief on his double jeopardy claim. The state supreme court addressed and resolved that claim on the merits. State v. Dupont, 149 N.H. at 76-79. And, although the court relied almost exclusively on state law to do so, there is certainly no requirement that it cite any federal law. See, e.g., Early v. Packer, 537 U.S. 3, 8 (2002) ("Avoiding these pitfalls [i.e., resolving an issue in a manner that is contrary to, or involves an unreasonable application of, clearly established federal law] does not require citation of our cases - indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.") (emphasis in original).

Nothing in petitioner's filings or in the state supreme court's published opinion suggests that the state court resolved petitioner's double jeopardy claim in a manner that was contrary

11

to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  See generally Hamling v. United States, 418 U.S. 87, 117-18 (1974); Russell v. United States, 369 U.S. 749, 763-64 (1962).  Consequently, as to that claim, petitioner is not entitled to habeas relief.  See 28 U.S.C. § 2254.  See generally Williams v. Taylor, supra.

## Conclusion

For the foregoing reasons, it is plain from the face of the petition(s), the attached exhibits, and the state supreme court's published opinion addressing petitioner's claims, that petitioner is not entitled to federal habeas corpus relief on any of the grounds advanced.  Accordingly, his petition is denied.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 27, 2003

cc:  Paul J. Haley, Esq.

12